**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICE DELA CRUZ, | No. 08-17136 |
| Plaintiff - Appellant, | D.C. No. 1:06-CV-00037 |
| v. | |
| TOM PALACIOS, in his personal capacity; SANTIAGO TUDELA, in his personal capacity; ANDREW SANTOS, in his personal capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted October 13, 2010
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

Plaintiff-Appellant Alice Dela Cruz ("Dela Cruz") appeals the adverse grant of

summary judgment in her 42 U.S.C. § 1983 action for deprivation of familial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

association and interference with a property interest in the body of her deceased son, Donald Sewell ("Sewell"). We affirm.

### *Familial Association Claim*

As Dela Cruz correctly notes, the proper standard for evaluating her § 1983 claim for deprivation of familial association based on the loss of her son is the Fourteenth Amendment's stringent "shocks the conscience" standard. *Porter v. Osborn*, 546 F.3d 1131, 1137-38 (9th Cir. 2008). Where, as here, "an officer encounters fast paced circumstances presenting competing public safety obligations," only actions demonstrating that the officer acted with a "purpose to harm" unrelated to legitimate law enforcement objectives will suffice to establish a claim. *Id.* at 1139-40.

Dela Cruz produced no colorable evidence that defendant police officer Andrew Santos ("Santos") acted with an intent to harm Sewell, other than to stop an attack on himself or innocent bystanders. Even construing the facts in the light most favorable to her, Dela Cruz has not shown that Santos acted with a "purpose to harm." *Id.* at 1139. Summary judgment for Santos and his superior, defendant Santiago Tudela, was therefore proper.

Nor are we required to remand to the district court for consideration of the claim under the *Porter* standard. Dela Cruz was on notice that she must come forward

2

with all her evidence to support her claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 & n.4 (9th Cir. 1998) (although district court applied wrong standard, "if [it] correctly determined [the officer's] actions were objectively reasonable, it follows that [the] conduct did not offend the more stringent standard applicable to substantive due process claims").

The district court also acted within its gatekeeping discretion in excluding the affidavit of Claudio Norita because of reliability defects. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-95, 597 (1993). *See also* Fed. R. Evid. 702.

Having failed to raise it in her opening brief, Dela Cruz has waived her argument that the district court erred in deeming admitted defendants' requests for admissions. *Randle v. Crawford*, 578 F.3d 1177, 1184 (9th Cir. 2009).

***Claim for Interference with Property Interest***

To prevail on her § 1983 claim and overcome defendant Tom Palacios's ("Palacios") assertion of qualified immunity, Dela Cruz was required to show that Palacios violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This traditionally involved a two-step inquiry requiring determination of whether a constitutional right existed and was violated before determining whether the

3

right was clearly established at the time of the alleged violation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, where it is impractical or would require unduly extensive constitutional analysis, courts need not adhere to the rigid order of the traditional qualified immunity analysis. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

Dela Cruz does not point to any authority establishing a constitutional property right or interest of the breadth she claims. State statutory and common law do not support her claim. Whatever the status and scope of a property interest in the immediate possession of the body of a close relative, in the context of a lawful ongoing investigation, no such right was clearly established at the time of the alleged deprivation. Having failed to establish a necessary element of her § 1983 case, Dela Cruz's claim necessarily fails, and summary judgment for Palacios on qualified immunity grounds was proper. *See Celotex Corp.*, 477 U.S. at 322-23.

Dela Cruz argues for the first time on appeal that the Morgue Operating Policy under which Palacios acted was not a valid regulation. Because the validity of the regulation would only be relevant to the § 1983 analysis if the right Dela Cruz claimed was clearly established, we need not address the argument.

**AFFIRMED.**

4